**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

In re:

**OLGA'S KITCHEN, INC.**  Case No. 15-49008
        Debtor.  Chapter 11
                                                                                        Hon. Walter Shapero

_____/

**STIPULATION FOR ENTRY OF ORDER**

      As evidenced by this Stipulation, which is executed this 12th day of June 2015, by and between the Debtor, Olga's Kitchen, Inc., the Receiver/Custodian of the assets of the Debtor, Kenneth J. Dalto, Citizens Bank, N.A., and Sysco Detroit, LLC, by and through their respective counsel, (collectively referred to as the "Parties"), as evidenced by their signatures below, the Parties agree with and consent to the entry of the Stipulated Order Excusing Turnover of Assets by Custodian, attached hereto as **Exhibit A**.

Approved:

| | |
|---|---|
| /s/Jerome D. Frank | /s/Robert Bassel with permission |
| Jerome D. Frank (P13634) | Robert Bassel (P48420) |
| Attorney for Receiver/Custodian | Attorney for Debtor |
| 30833 Northwestern Hwy., Suite 205 | PO Box T |
| Farmington Hills, MI 48334 | Clinton, MI 49236 |
| jfrank@frankfirm.com | bbassel@gmail.com |
| Dated: June 12, 2015 | Dated: June 12, 2015 |
| | |
| /s/Dirk A. Beamer with permission | /s/C. David Bargamian with permission |
| Dirk A. Beamer (P53290) | C. David Bargamian (P43742) |
| Attorney for Sysco Detroit, LLC | Attorney for Citizens Bank, N.A. |
| 31500 Northwestern Hwy., Suite 140 | 211 W. Fort Street, 15th Floor |
| Farmington Hills, MI 48334-2568 | Detroit, MI 48226-3281 |
| dbeamer@wrightbeamer.com | dbargamian@bsdd.com |
| Dated: June 12, 2015 | Dated: June 12, 2015 |

/s/Thomas K. Lindahl with permission
Thomas K. Lindahl (P30741)
Co-Counsel for Sysco Detroit, LLC
3506 Union Lake Road
Commerce Twp., MI 48382
tlindahl@comcast.net
Dated: June 12, 2015

# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

**OLGA'S KITCHEN, INC.**
        Debtor.

Case No. 15-49008
**Chapter 11**
**Hon. Walter Shapero**

_____/

**STIPULATED ORDER EXCUSING TURNOVER OF ASSETS BY CUSTODIAN**

Pursuant to the stipulation of the parties,

WHEREAS, Kenneth J. Dalto was appointed Receiver over the assets of the Debtor in a certain matter pending before the Oakland County Circuit Court for the State of Michigan, pending as Case No. 2014-143542-CK;

WHEREAS, Mr. Dalto has been Receiver over the Debtor from and after February 5, 2015. The Debtor's assets consist of 16 operating restaurants located throughout the Detroit area. Mr. Dalto is intimately familiar with the operations of the business;

WHEREAS, Mr. Dalto is deemed a "custodian" as defined under 11 U.S.C. § 101;

WHEREAS, this Court finds that, given the emergency nature of the recent filing of this Chapter 11 bankruptcy case, and the short duration of the effect of this Order, there is sufficient cause and notice to the parties to enter this Order by consent of these parties;

WHEREAS, the Debtor, the Receiver, Citizens Bank, National Association and Sysco Detroit, LLC, the two secured creditors with interests in "cash collateral" through their respective counsel have agreed to the relief provided herein, as evidenced by the Stipulation filed as Docket No. __; and,

WHEREAS, this Court is otherwise fully advised of the premises.

IT IS HEREBY ORDERED that Kenneth J. Dalto, as State Court Receiver and Custodian of the Assets of the Debtor, is excused, pursuant to, inter alia, the provisions of 11 U.S.C. § 543 from turnover of the assets of the Debtor for the period from the petition date to 07/07/2015, and shall have discretion to make necessary payments out of the assets of the Debtor's Estate in order to preserve the Debtor's business for the period from the petition date to 07/07/2015.

IT IS HEREBY FURTHER ORDERED that this Order shall be deemed to be without prejudice to the rights of any of the parties in interest to object to this Order. This Order is a stipulated Order, and entry of this Order shall not affect this Court's determination as to whether turnover by the Custodian is appropriate after 07/07/2015.