UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                             Case No. 15-49008-ws

**OLGA'S KITCHEN INC.,**                           Chapter 11

    Debtor.                                        Hon. Walter Shapero
_____/

### UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE

Daniel M. McDermott, United States Trustee, moves this Honorable Court to enter an order dismissing the above-entitled case, and in support states as follows:

1. This Motion is brought under 11 U.S.C. § 1112(b) to dismiss this Chapter 11 case. A proposed Order is attached.

2. The Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 on June 11, 2015.

3. The Debtor has failed to comply with the administrative requirements of the United States Trustee, by failing to provide the initial Debtor-in-Possession documents, as set forth in the Operating Instructions and Reporting Requirements ("OIRR") provided by the Office of the United States Trustee ("OUST").

4. The Debtor's Petition was signed by Robert Solomon, as Principal of the Debtor.

5. The Initial Debtor Interview is scheduled to be conducted by a representative from the OUST on June 30, 2015. At this meeting the Debtor is required to provide the OUST with documents that are set forth in the OIRR. The OIIR is given to every chapter 11 debtor and its counsel.

6. The 341 First Meeting of Creditors ("341 Meeting") is scheduled for July 16, 2015.

7. There is no Debtor in Possession ("DIP"), and no qualified person to hold responsible for attending the Debtor's 341 Meeting or discharging the duties and responsibilities imposed upon a DIP pursuant to the U.S. Trustee's Operating Instructions and Reporting Requirements, such as, but not limited to the following:

    a. Provide evidence that pre-petition bank accounts have been closed and whether new Debtor-in-Possession ("DIP") accounts have been opened.

    b. Provide evidence that the Debtor maintains appropriate insurance that does not pose a risk to the estate.

    c. Provide copies of the Debtor's tax returns and financial statements for 2013 and 2014.

8. According to the Debtor's Secured Creditor, Citizens Bank, N.A. ("Citizens"), in its Motion For Appointment of Trustee, Docket # 45, the Debtor has been under the operating control of Kenneth Dalto, State Court Receiver ("Receiver") since June of 2014.

9. The Motion further states Mr. Dalto has been in the capacity of Chief Restructuring Office of the Debtor or as the State Court Receiver. Also, upon information and belief, Mr. Dalto is a prepetition creditor of the Debtor. Mr. Dalto is not a disinterested person as defined by 11 U.S.C. § 101 (14). Therefore, Mr. Dalton is prohibited from stepping into the shoes of the DIP or being appointed as trustee under Chapter 11 or a Chapter 7 case.

10. Mr. Dalton has filed his own Motion to Excuse Turnover ("Motion"), Docket # 41. In his Motion, Mr. Dalto alleges Mr. Solomon has had no involvement with the Debtor's

business since early December 2014. He further claims Mr. Solomon is not capable of running the day-to-day business of the Debtor.

11. Upon information and belief, Citizen's Bank is the major secured creditor in this case. It would appear that the Receiver is working on behalf of Citizen's Bank. This case appears to be a two-party bankruptcy.

12. Under 11 U.S.C. § 543 (a), a custodian with knowledge of a bankruptcy may not take any action in the administration of a case. In addition, the custodian is required to turn over the property of the debtor, proceeds, product, offspring, rents or profits of such property to the chapter 11 debtor, or in a chapter 7 proceeding, to the case trustee. Further, the custodian is required to file an accounting of any property of the debtor, or proceeds or rents of such property.

13. While the U.S. Trustee recognizes that the State Court Receiver has filed a Motion to Excuse Turnover, upon information and belief, he has had knowledge of this bankruptcy since it was filed on June 11, 2015, but has failed to comply with the requirements of 11 U.S.C. § 543(a).

14. The United States Trustee cannot perform his statutory duty to monitor and supervise the administration of this Chapter 11 case, because there is no Debtor in Possession and the initial reporting requirements have not been provided by the Debtor or the Receiver. Moreover, there is no Debtor in Possession.

15. There is no way for the Debtor's creditors, the Office of the United States Trustee or the Court to determine whether the Debtor is operating at a substantial or continuing loss to or diminution of the estate.

16. Pursuant to 11 U.S.C. § 1112(b), the court shall convert or dismiss a case under Chapter 11, whichever is in the best interest of the estate, if the movant establishes cause. The principal of the Debtor is not in control of the business or in possession of the assets of the business. There is no business to reorganize or liquidate. Therefore, there is no valid purpose for this Chapter 11 proceeding. This constitutes cause under 11 U.S.C. § 1112(b).

**WHEREFORE,** the United States Trustee requests that this Court enter an order pursuant to 11 U.S.C. § 1112(b) dismissing the Debtor's case for other such relief as the Court deems appropriate.

                              Respectfully submitted,

                              **DANIEL M. McDERMOTT**
                              **UNITED STATES TRUSTEE**
                              Region 9

                    By    /s/ Claretta Evans
                           Claretta.Evans@usdoj.gov
                           Trial Attorney
                           Office of the U.S. Trustee
                           211 West Fort St - Suite 700
                           Detroit, Michigan 48226
                           (313)226-7912

Dated: June 22, 2015

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 15-49008-ws

**OLGA'S KITCHEN INC.,**  Chapter 11

    Debtor.  Hon. Walter Shapero

_____/

## ORDER DISMISSING PROCEEDING

**THIS MATTER** came before the Court upon the Motion of the United States Trustee to dismiss the above entitled proceeding. Notice was properly served upon the Debtor and Debtor's counsel and no response was timely filed or served upon the United States Trustee. The Court is otherwise fully advised in the premises,

    **NOW, THEREFORE,**

    **IT IS ORDERED** that this case is **DISMISSED.**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 15-49008-ws

**OLGA'S KITCHEN INC.,**                      Chapter 11

           Debtor.                             Hon. Walter Shapero
_____/

## NOTICE OF MOTION TO DISMISS CASE

     The United States Trustee has filed papers with the court to convert this proceeding.

     **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you not have an attorney, you may wish to consult one.).

     If you do not want the court to convert the case, or if you want the court to consider your views on the motion, **within 21 days**, you or your attorney must:

     1.     File with the court a written response or an answer, explaining your position at:[1]

                      U.S. Bankruptcy Court
                      211 West Fort Street
                      Detroit, MI 48226

     If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

     You must also mail a copy to:     Claretta Evans
                                                    Office of the United States Trustee
                                                    211 West Fort Street, Suite 700
                                                    Detroit, MI 48226

     2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

     If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

                                                       **DANIEL M. McDERMOTT**
                                                       **UNITED STATES TRUSTEE**
                                                       Region 9


                                        By     /s/ Claretta Evans
                                                    Claretta.Evans@usdoj.gov
                                                    Trial Attorney
                                                    Office of the U.S. Trustee
                                                    211 West Fort St - Suite 700
                                                    Detroit, Michigan 48226
                                                    (313)226-7912

Dated: June 22, 2015
_____

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 15-49008-ws

**OLGA'S KITCHEN INC.,**                  Chapter 11

     Debtor.                                    Hon. Walter Shapero
_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2015, I served copies as follows:

1. Documents Served:                *Motion to Dismiss, Notice of Motion* and *Certificate of Service.*

2. Served Upon:                      Olga's Kitchen, Inc.
                                                 2125 Butterfield Dr. Suite 301n
                                                 Troy MI 48084

3. Method of Service:                First Class Mail

                                                 **DANIEL M. McDERMOTT**
                                                 **UNITED STATES TRUSTEE**
                                                 Region 9

                                     By:     /s/ Karen Riggs
                                                      Karen.Riggs@usdoj.gov
                                                      Paralegal Specialist
                                                      Office of the U.S. Trustee
                                                      211 West Fort Street - Suite 700
                                                      Detroit, Michigan 48226
                                                      313.226.7259

Dated: June 22, 2015