UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: OLGA'S KITCHEN, INC.,                         Chapter 11
                                                     Case No. 15-49008-wsj

      Debtor.                                       Hon. Walter Shapero
_____/

## MOTION FOR ENTRY OF ORDER ALLOWING ADMINISTRATIVE EXPENSE PRIORITY CLAIM FOR SUBSTANTIAL CONTRIBUTION MADE BY CREDITOR COSMO HOSPITALITY, LLC PURSUANT TO 11 U.S.C. §503(b)(3)(D) and (b)(4)

Creditor Cosmo Hospitality, LLC, a Michigan limited liability company, by and through its attorneys Butzel Long, a professional corporation, and Plunkett Cooney, P.C., for its motion for entry of an order allowing an administrative expense priority claim pursuant to 11 U.S.C §503(b)(3)(D) and (b)(4) for substantial contribution to the estate, states as follows.

1.    Cosmo Hospitality, LLC ("Cosmo") is a transferee of a claim of a creditor of debtor Olga's Kitchen, Inc., ("Olga's" or "Debtor"), that arose before the order for relief concerning the Debtor, and therefore Cosmo is a "creditor" of Olga's within the meaning of 11 U.S.C. §101(10)(A).

2.    The bankruptcy case in which Olga's is named as "debtor" is a case pending under Chapter 11 of the Bankruptcy Code.

3.    Pursuant to 11 U.S.C. §503(b)(3)(D), a creditor may receive payment of the amounts expended to make a substantial contribution to a case under Chapter 11 as follows:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

1

> **(3)** the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
>> **(D)** a *__creditor__*, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a ***substantial contribution*** in a case under chapter 9 or 11 of this title;

(Emphasis supplied.)

4. Under 11 U.S.C. §503(d)(4), as a party having made a substantial contribution to the estate, Cosmo is entitled to receive payment of costs and expenses of its attorney and accountant:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
>> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

5. Cosmo made very substantial contributions to the Debtor's estate in this case, as described further in the Cosmo's attached brief in support of this motion, by diligently carrying out its designated role as the "stalking horse" bidder.

6. Even after the Debtor and its professionals suddenly and improperly replaced Cosmo with ***insider*** SOK Ventures, LLC as stalking horse, Cosmo continued to benefit the estate by challenging many specific provisions of the new stalking horse bidder SOK Ventures LLC's Asset Purchase Agreement, and forcing revisions that allowed for competitive bidding.

7. Under the foregoing circumstances, Cosmo's legal expenses are compensable by the estate because Cosmo substantially contributed to the Debtor's estate under 11 U.S.C. §503(b)(3)(D) and (b)(4).

8. The following information is provided pursuant Bankruptcy Rule 2016:

    A. The services rendered, time expended and expenses incurred are set forth in detail at Exhibits 6N and 6O attached hereto;

    B. The amounts requested are as follows:

    Butzel Long:

| | | |
|---|---|---|
| | Fees: | $ 90,528.18 |
| | Expenses: | $ 1,194.06 |

    Plunkett Cooney:

| | | |
|---|---|---|
| | Fees: | $ 32,130.00 |
| | Expenses: | $ 218.90 |
| **Total:** | | **$124,071.14** |

    C. No payments have been previously made or promised to Cosmo for services rendered or to be rendered in any capacity, (provided however, Cosmo was promised a breakup fee which promise was later broken.)

    D. No agreement regarding sharing of compensation exists between Cosmo or its counsel and any other person.[1]

WHEREFORE, Cosmo Hospitality, LLC respectfully requests entry of an order allowing it to be paid an administrative expense priority claim in the amount set forth above pursuant to 11 U.S.C. §503(b)(3)(d) and (b)(4), and in further support thereof submits its brief in support of this Motion.

---

[1] This motion is not a motion for award of fees and expenses of a professional appointed under 11 U.S.C. 327 pursuant to 11 U.S.C. §§330 or 331. Local Bankruptcy Rule 2016-1 applies only to applications filed pursuant to 11 U.S.C. §§330 and 331. This application is filed pursuant to 11 U.S.C. §503(b), which only requires "notice and a hearing". The statements made above are required by B.R. 2016.

3

Respectfully submitted,

| **PLUNKETT COONEY P.C.** | **BUTZEL LONG, a professional corporation** |

/s/ David A. Lerner
By: David A. Lerner
Atty for Cosmo Hospitality
Assignee of Delau Fire and Safety
38505 Woodward Suite 2000
Bloomfield Hills, MI 48304
248-901-4010

November 30, 2015

/s/ Frederick A. Berg
By:   Frederick A. Berg, Esq.
      Attys for Cosmo Hospitality, LLC
Assignee of Delau Fire and Safety
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
313-225-7000

November 30, 2015

1564776