UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Olga's Kitchen, Inc.,                                      Case No.: 15-49008-wsd
                                                                          Chapter 11
              Debtor.                                   Hon. Walter Shapero
_____/

## OPINION INCIDENT TO MANAGEMENT BONUS PLAN CLAIMS

Four employees of the Debtor, Loredana Gianino, Deborah Jefferson, Howard Hardy, and Douglas Hetherington (together, "Claimants") each filed proofs of claim, alleging among other things they are each entitled to payment of bonuses incident to a 2015 RSC Management Bonus Plan ("Bonus Plan") dated November 1, 2014. The subject claims were all filed as unsecured claims, and only Ms. Gianino's claim was filed as a priority unsecured claim. The Debtor separately objected to each of Claimants' claims, and the Court held an evidentiary hearing on the claims objections. The Court entered various orders (Dkt. 828, 821, 826, 827) disposing of separate issues relating to the aspects of the claims relating to postpetition paid vacations claims.

As to the bonus portions of the claims, the Bonus Plan states in relevant part:

> The PLAN bonus will be based on the Company meeting or exceeding its budgeted financial targets for the defined fiscal year. If the Company meets or exceeds the EBITDA target, the Gatekeeper is open and the PLAN will be funded for Bonus payout.
>
> The financial target used for determination is "Bonus EBITDA" as defined below.
> PLAN Bonus Calculation
> *EBITDA minus Reorganization & Restructuring Expenses and Shareholder Expenses.*

Exh. 1 (italics original). The evidence showed that Debtor did not meet the above-quoted

1

financial target provided for in the Bonus Plan. Debtor's Preliminary Cash Flow Projections dated August 27, 2014 (Exh. 4) indicates a projected EBITDA for fiscal year 2015 of $2,839,749. Eric Sloan, who was involved and consulted in Debtor's reorganization, testified that he was familiar with the Debtor's books and records, and used those records to calculate the referred-to financial target figure. Mr. Sloan testified that he prepared a Fiscal Year Ended October 25, 2015 Income Statement and EBITDA Summary that provides in relevant part as follows:

| | |
|---|---:|
| PLAN Bonus Calculation - | |
|   EBITA | 2,868,397 |
| Minus - | |
|   Restructuring, Refinancing and Abnormal Legal costs | (1,231,743) |
|   Shareholder Expenses | (374,548) |
|   Actual | 1,262,106 |

Exh. 9. There was no evidence presented or argument made that these figures were inaccurate and the Court finds Mr. Sloan's testimony and calculations to be credible. Thus, pursuant to the quoted plain terms of the Bonus Plan itself, the Debtor's financial operations did not meet the financial targets. On that basis alone, this Court must disallow Claimants' bonus claims.

The Debtor raised other objections to Claimants' claims, i.e. that the Bonus Plan (a) was never appropriately approved by the Debtor and (b) was never assumed by the Debtor postpetition as an executory contract. The Court need not deal with those issues because of its above initial conclusion. For that same reason, the Court also need not opine on Claimants' arguments relating to (a) various representations made to Claimants by Debtor's officers regarding the Bonus Plan or (b) the Debtor's payment of bonuses to other employees, apparently under a different basis than the Bonus Plan.

Claimants' Bonus Plan claims are thus denied and Debtor shall submit an appropriate order,

2

with presentment being waived.

**Signed on August 23, 2016**

            **/s/ Walter Shapero**
            **Walter Shapero**
            **United States Bankruptcy Judge**

3